IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDDIE YANCEY,

   Plaintiff,

    v.

CLARK ATLANTA UNIVERSITY,

   Defendant.

CIVIL ACTION FILE
NO. 1:09-CV-1101-TWT

ORDER

This is a pro se civil action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 37], the Plaintiff's Motion to Dismiss [Doc. 48], the Plaintiff's Motion for Summary Judgment [Doc. 43], the Plaintiff's Motion for an Extension of Time to Respond to Defendant's Motion for Summary Judgment [Doc. 46], the Plaintiff's Motion for Leave to File a Supplemental Pleading [Doc. 58], and the Plaintiff's Motion to Amend and Correct Plaintiff's Procedural History of the Case [Doc. 59].

I. Introduction

Eddie Yancey enrolled in the Doctor of Arts in Humanities ("DAH") program at Clark Atlanta University ("Clark") in 1994. After several setbacks, he began

writing his dissertation in Spring 2001. Dr. Josephine Bradley served as his dissertation advisor. Yancey completed his dissertation in 2007 and graduated with a DAH degree. After graduation, he unsuccessfully looked for a job as a professor. In April 2009, he sued Clark, alleging that his DAH degree has "little value" and seeking $43,000,000 in damages.

## II. Yancey's Motion to Dismiss Without Prejudice

After Clark filed a motion for summary judgment, Yancey filed a motion to dismiss the case without prejudice. He says that he is overwhelmed by the litigation process. (Pl.'s Mot. to Dismiss at 3.) Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Court has discretion to grant or deny a motion to dismiss based on the circumstances of the case. Here, discovery has ended and both parties have filed summary judgment motions. Clark has already incurred substantial costs preparing and responding to motions and conducting discovery. A dismissal without prejudice at this stage of the litigation would be unfair to the defendant. See Fisher v. Puerto Rico Marine Mgmt., 940 F.2d 1502, 1503 (11th Cir. 1991) ("[W]hen exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants."). Accordingly, Yancey's Motion to Dismiss is denied.

## III. Clark's Summary Judgment Motion

### A. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### B. Breach of Contract Claim

In March 2005, Yancey met with Dr. Bradley and other members of his dissertation committee to discuss his progress. The committee told him that he needed to improve his writing skills and gave him a detailed outline of what was expected of him. According to Yancey, he agreed to submit drafts of his dissertation by certain dates and to meet with the committee regularly. In return, the committee agreed to give him comments on his drafts within a set period of time and to help him improve

his dissertation during regular meetings. Yancey says that he and the committee members signed a written agreement outlining these terms. According to Yancey, Dr. Bradley breached this agreement by failing to return his drafts on time and by being unavailable for meetings on several occasions. (Yancey Dep. at 182-183, 185-186.)

Under Georgia law, the party alleging breach of contract must show performance on his part to avoid summary judgment. Beach v. First Fed. Sav. & Loan Ass'n of Atlanta, 140 Ga. App. 882, 883 (1977); see also Corrosion Control, Inc. v. William Armstrong Smith Co., 148 Ga. App. 75 (1978) ("To recover damages, a party who bases his action on an express contract must have performed all his obligations under the contract."). Here, Yancey admits that he missed at least one meeting with his dissertation committee. (Yancey Dep. at 184-185.) He also admits that he did not attend his dissertation class, which met twice a month and offered him an opportunity to meet with his professors. (Yancey Dep. at 185-186.) Therefore, even if the facts alleged by Yancey are true, he cannot recover because he failed to carry out his obligations under the alleged agreement. Accordingly, Clark is entitled to summary judgment on Yancey's breach of contract claim.

C. Slander

Yancey says that Dr. Bradley told other students that he was incompetent and that he did not write his dissertation. (Yancey Dep. at 107-111.) A defamation action

in Georgia must be brought within one year after the cause of action accrues. According to Yancey, he learned about Dr. Bradley's comments from another student in May 2007. (Yancey Dep. at 109.) He filed his complaint in April 2009. Therefore, even if Yancey's allegations are true, Clark is entitled to summary judgment on Yancey's slander claim.

D. Libel

To state a claim for libel, the libelous statement must be published to a third party. Carter v. Hubbard, 224 Ga. App. 375, 376-77 (1997). Here, Dr. Carlton Brown sent Yancey a letter on April 25, 2008, responding to Yancey's complaints about the DAH program. (Def.'s Mot. for Summ. J., Ex. 2.) In the letter, Dr. Brown suggested that Yancey's "true difficulty" was his "own underdeveloped skills." (Id.) Three members of the university administration were copied on the letter, and Yancey believes that Dr. Brown's assistant also may have seen the letter. However, this does not constitute publication under Georgia law. In Kurtz v. Williams, 188 Ga. App. 14 (1988), the Georgia Court of Appeals explained:

> Over the years, . . . an exception to the broad definition of publication has evolved: when the communication is intracorporate . . . and is heard by one who, because of his/her duty or authority has reason to receive the information, there is no publication of the allegedly slanderous material, and without publication, there is no cause of action for slander.

Id. at 15. The third parties who allegedly saw Dr. Brown's letter fall squarely within this exception. Therefore, Clark is entitled to summary judgment on Yancey's libel claim.

    E.    Negligence

Yancey received a Doctorate of Arts in the Humanities (DAH). He has been unable to find a teaching job in his concentration. He says his degree "has little value" and thinks that Clark should have converted its DAH program into a Ph.D. program. He also says that the program is understaffed and poorly run.

These allegations are not suitable for judicial review. The United States Supreme Court has held that courts are unsuited to evaluate academic decisions made by university administrators and faculty members. See Regents of Univ. of Michigan v. Ewing, 474 U.S. 214, 226 (1985) ("[A] federal court is not . . . suited to evaluate the substance of the multitude of academic decisions that are made daily by faculty members of public educational institutions - decisions that require an expert evaluation of cumulative information and are not readily adapted to the procedural tools of judicial or administrative decisionmaking."). The Georgia Supreme Court has held the same. See Woodruff v. Georgia State University, 251 Ga. 232, 232-33 (1983) (holding that graduate student's allegations of libel and slander, intentional infliction of mental distress, negligent supervision of her graduate studies, and breach of

contract were unsuited for judicial review). Accordingly, Clark is free to decide without judicial intervention which degree programs to offer, how these programs should be staffed, and whether a student's work meets the qualifications for graduation. Therefore, Clark is entitled to summary judgment on Yancey's negligence claims.

F. Fraudulent Misrepresentation

Yancey says that Clark fraudulently misrepresented the DAH program. He thought that the program would qualify him to teach at the college level, but he says he has been turned down for several teaching positions because he does not have a Ph.D. He does not say that Clark told him that a DAH was equivalent to a Ph.D. Instead, he says that Clark is at fault because the university did not convert the DAH program into a Ph.D. program. However, for the reasons addressed above, Clark's decision to offer a DAH degree is not suitable for judicial review. Therefore, Clark is entitled to summary judgment on Yancey's fraudulent misrepresentation claim.

G. Remaining Causes of Action

Yancey's remaining claims for respondeat superior, "personal injuries, punitive damages," and "personal injuries, compensatory damages" cannot survive without an underlying claim. Therefore, Clark is entitled to summary judgment on these counts.

IV. Yancey's Remaining Motions

Yancey also filed a Motion for Summary Judgment, a Motion for an Extension of Time to Respond to Clark's Motion for Summary Judgment, a Motion for Leave to File a Supplemental Pleading, and a Motion to Amend and Correct Plaintiff's Procedural History of the Case. For the reasons discussed in Section III, Yancey's Motion for Summary Judgment is denied. In ruling on Clark's Motion for Summary Judgment, the Court considered Yancey's amended response to Clark's Motion for Summary Judgment and his additional filings. These filings do not affect the Court's decision to grant summary judgment in favor of the Defendant. Therefore, these motions are denied as moot.

## V. Conclusion

For the reasons listed above, the Defendant's Motion for Summary Judgment [Doc. 37] is GRANTED, the Plaintiff's Motion to Dismiss [Doc. 48] is DENIED, the Plaintiff's Motion for Summary Judgment [Doc. 43] is DENIED, the Plaintiff's Motion for an Extension of Time to Respond to Defendant's Motion for Summary Judgment [Doc. 46] is DENIED, the Plaintiff's Motion for Leave to File a Supplemental Pleading [Doc. 58] is DENIED, and the Plaintiff's Motion to Amend and Correct Plaintiff's Procedural History of the Case [Doc. 59] is DENIED.

SO ORDERED, this 25 day of March, 2010.


                                          /s/Thomas W. Thrash
                                          THOMAS W. THRASH, JR.
                                          United States District Judge